JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KATHLEEN A COSTA | NCO FINANCIAL SYSTEMS, INC. |

| (b) County of Residence of First Listed Plaintiff   SUFFOLK | County of Residence of First Listed Defendant   MONTGOMERY |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| BARSHAY SANDERS, PLLC<br>100 Garden City Plaza, Ste 500, Garden City, NY 11530<br>(516) 203-7600 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- O 1  U.S. Government Plaintiff
- ● 3  Federal Question *(U.S. Government Not a Party)*
- O 2  U.S. Government Defendant
- O 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated *or* Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated *and* Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | O 625 Drug Related Seizure of Property 21 USC 881 | O 422 Appeal 28 USC 158 | O 375 False Claims Act |
| O 120 Marine | O 310 Airplane | O 365 Personal Injury - Product Liability | O 690 Other | O 423 Withdrawal 28 USC 157 | O 400 State Reapportionment |
| O 130 Miller Act | O 315 Airplane Product Liability | O 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | O 410 Antitrust |
| O 140 Negotiable Instrument | O 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | O 430 Banks and Banking |
| O 150 Recovery of Overpayment & Enforcement of Judgment | O 330 Federal Employers' Liability | O 368 Asbestos Personal Injury Product Liability | | O 820 Copyrights | O 450 Commerce |
| O 151 Medicare Act | O 340 Marine | **PERSONAL PROPERTY** | | O 830 Patent | O 460 Deportation |
| O 152 Recovery of Defaulted Student Loans (Excludes Veterans) | O 345 Marine Product Liability | O 370 Other Fraud | | O 840 Trademark | ● 470 Racketeer Influenced and Corrupt Organizations |
| O 153 Recovery of Overpayment of Veteran's Benefits | O 350 Motor Vehicle | O 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | O 480 Consumer Credit |
| O 160 Stockholders' Suits | O 355 Motor Vehicle Product Liability | O 380 Other Personal Property Damage | O 710 Fair Labor Standards Act | O 861 HIA (1395ff) | O 490 Cable/Sat TV |
| O 190 Other Contract | O 360 Other Personal Injury | O 385 Property Damage Product Liability | O 720 Labor/Management Relations | O 862 Black Lung (923) | O 850 Securities/Commodities/ Exchange |
| O 195 Contract Product Liability | O 362 Personal Injury - Medical Malpractice | | O 740 Railway Labor Act | O 863 DIWC/DIWW (405(g)) | O 890 Other Statutory Actions |
| O 196 Franchise | | | O 751 Family and Medical Leave Act | O 864 SSID Title XVI | O 891 Agricultural Acts |
| | | | O 790 Other Labor Litigation | O 865 RSI (405(g)) | O 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | O 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | O 895 Freedom of Information Act |
| O 210 Land Condemnation | O 440 Other Civil Rights | **Habeas Corpus:** | | O 870 Taxes (U.S. Plaintiff or Defendant) | O 896 Arbitration |
| O 220 Foreclosure | O 441 Voting | O 463 Alien Detainee | | O 871 IRS—Third Party 26 USC 7609 | O 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| O 230 Rent Lease & Ejectment | O 442 Employment | O 510 Motions to Vacate Sentence | | | O 950 Constitutionality of State Statutes |
| O 240 Torts to Land | O 443 Housing/ Accommodations | O 530 General | | | |
| O 245 Tort Product Liability | O 445 Amer. w/Disabilities - Employment | O 535 Death Penalty | **IMMIGRATION** | | |
| O 290 All Other Real Property | O 446 Amer. w/Disabilities - Other | **Other:** | O 462 Naturalization Application | | |
| | O 448 Education | O 540 Mandamus & Other | O 465 Other Immigration Actions | | |
| | | O 550 Civil Rights | | | |
| | | O 555 Prison Condition | | | |
| | | O 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ● 1 Original Proceeding
- O 2 Removed from State Court
- O 3 Remanded from Appellate Court
- O 4 Reinstated or Reopened
- O 5 Transferred from Another District *(specify)*
- O 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*  15 USC §1692

Brief description of cause:  Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:

O CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $1000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ● Yes  O No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   June 15, 2015

SIGNATURE OF ATTORNEY OF RECORD _____

JUN 25 2015

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**HB**

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _10 Robert Avenue, FARMINGVILLE, New York 11738_

# 15    3587

Address of Defendant: _507 Prudential Road, HORSHAM, Pennsylvania 19044_

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)  _FDCPA 15 U.S.C. 1692_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Melissa Pirillo_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _June 19, 2015_   _____   _314730_
                          Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _June 19, 2015_   _____   _314730_
                          Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

**JUN 25 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Kathleen A Costa | : CIVIL ACTION |
| | : |
| | : |
| v. | : NO. **15   3587** |
| | : |
| NCO Financial Systems, Inc. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management
   by the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| June 19, 2015 | | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (516) 203-7600 | (516) 282-7878 | mpirillo@sanderslawpllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 25 2015



**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108813

**FILED**

**JUN 2 5 2015**

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk



### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN A COSTA, <br><br> Plaintiff, <br><br> vs. <br><br> NCO FINANCIAL SYSTEMS, INC., <br><br> Defendant. | Docket No: 15 3587 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

KATHLEEN A COSTA (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3.      This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Pennsylvania.

1

4.    Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5.    At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

6.    Plaintiff is an individual who is a citizen of the State of New York.

7.    Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8.    On information and belief, Defendant's principal place of business is located in Horsham, Pennsylvania.

9.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.    Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.    Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.    Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13.    At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14.    In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15.    Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16.    As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692f**
**Disclosure of Plaintiff's Account Number**

17.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.     15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19.     15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

20.     15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

21.     15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*,  765 F.3d 299  (3rd Cir 2014).

22.     15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number on the envelope. *Id.*

23.     15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number by making such visible through any glassine window of the envelope. *Id.*

24.     Defendant assigned Plaintiff account number XXXX7915.

25.     Defendant disclosed Plaintiff's account number in its mailing to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

26.     Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

27.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

30.     Defendant's letter provides, "If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

31.     Defendant's letter fails to advise of what Plaintiff must notify Defendant.

32.     Defendant's letter fails to provide the statement required by 15 U.S.C. § 1692g(a)(4).

33.     Defendant's letter fails to track the language required by 15 U.S.C. § 1692g(a)(4).

34.     Defendant's letter fails to provide that Defendant's obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff's written notification disputes the debt, or any portion of the debt.

35.     Defendant's letter fails to explain that Defendant's obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff's written notification disputes the debt, or any portion of the debt.

36.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

37.     A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated debtor" uncertain or confused as to her rights.

38.     Defendant's letter would likely make the least sophisticated consumer uncertain as to what she must notify Defendant of to trigger Defendant's obligation to obtain and provide verification.

39.     Defendant's letter would likely make the least sophisticated consumer confused as to what she must notify Defendant of to trigger Defendant's obligation to obtain and provide verification.

4

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

40.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

43.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

44.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated debtor."

45.    Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

46.    The least sophisticated debtor would likely be deceived by Defendant's conduct.

47.    The least sophisticated debtor would likely be deceived in a material way by Defendant's conduct.

48.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## FOURTH COUNT
### Violation of New York General Business Law § 349

49.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50.    Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

51.    Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

52.    Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

53.    Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

*5*

54.     Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

55.     Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

56.     Plaintiff is a reasonable consumer.

57.     Defendant's conduct would mislead a reasonable consumer.

58.     Defendant engaged in a material deceptive act or practice as described herein.

59.     Defendant's conduct caused plaintiff to suffer injury.

60.     Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

61.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.     Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b.     Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.     Plaintiff's actual damages; and

d.     Damages against Defendant pursuant to NYGBL § 349; and

e.     Plaintiff's costs; together with

f.     Such other relief that the Court determines is just and proper.

DATED: June 15, 2015

BARSHAY SANDERS, PLLC

By:
Melissa A. Pirillo
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

*ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108813

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

7

# EXHIBIT 1

P. O. BOX 15618, DEPT 31
WILMINGTON, DE 19850

7915/

**NCO Financial Systems, Inc.**

Two Huntington Quadrangle, Suite 3NO2
Melville, NY 11747

July 27, 2014
OFFICE HOURS:
MON & WED: 8:00AM-7:30PM ET
TUE,THU & FRI: 8AM-5:00PM, SAT 8AM-NOON ET

1-800-334-0626

14613-294

KATHLEEN COSTA
10 ROBERTA AVE
FARMINGVILLE NY 11738-1457

Total Balance: $ 47.29

**See reverse side for account detail**

Dear KATHLEEN COSTA,

Please be advised that the above amount has been placed in our office for collection.  Please send your check or money order for the balance in full to the address below.

**You may also make payment by visiting us on-line at www.ncofinancial.com.  Your unique registration code is f32.10276849.88187915.1045.** To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Calls to or from this company may be monitored or recorded for quality assurance.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

**Notice: See Reverse Side For Important Information. See Reverse Side for Federal Validation Notice.**
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Creditor Reference #: 0022915549, KATHLEEN COSTA
NCO Financial Systems, Inc.
Two Huntington Quadrangle, Suite 3NO2
Melville, NY 11747
1-800-334-0626

Credit Card Number
(VISA and MasterCard only)

| Our Account # | Total Balance |
|---|---|
| 7915 | $ 47.29 |

Payment Amount

$

Make Payment To:

NCO FINANCIAL SYSTEMS, INC. - KGPORT
P.O. BOX 15273
WILMINGTON, DE 19850

7915

NCO  16 P
294

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Contact Alex Drew at NCO Financial Systems, Inc. This collection agency is licensed by the Department of Consumer Affairs of the City of New York, License #1129571.

| Facility | Patient | Account # | | Service Date | Balance |
|---|---|---|---|---|---|
| Stony Brook Radiology | KATHLEEN | █████549 | | 04/05/14 | $34.47 |
| Stony Brook Radiology | KATHLEEN | █████550 | | 04/05/14 | $12.82 |

Current Balance Due:      $47.29

Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. If you have a complaint about the way we are collecting your debt, please visit our website at www.ncogroup.com or contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.

PAF-1035-B-0